Jones, J. (dissenting).
The order of the Appellate Division should be affirmed. I agreed with the majority that the evidence was sufficient to support the plaintiff’s verdict against the New York Life Insurance Company. I disagree that there is an adequate basis for the dependent cross claim against Park & Estate Maintenance, Inc.
The issue I take with the majority depends on the interpretation properly to be put, in the factual context of this litigation, on the indemnity provisions of the contract between New York Life and Park & Estate.
The trial court dismissed plaintiffs ’ complaint against Park & Estate and as well dismissed New York Life’s third-party complaint against Park & Estate. Although an appeal was taken by New York Life with respect to the dismissal of its cross claim, no appeal was taken by the plaintiff with respect to the dismissal of its direct claim against Park & Estate. Park & Estate thus *155 stands cleared of all liability to the plaintiff based on any claims that its negligence was a proximate cause of the plaintiff’s fall and resulting injuries. It follows then that the only basis for liability, if any, of Park & Estate to New York Life, lies in the provisions of the contract between them. (Cf. Dole v. Dow Chem. Co., 30 N Y 2d 143.)
That agreement called for ‘ ‘ a complete landscape maintenance program ”. Explicit provision was made for snow plowing and ice removal, spring cleanup, liming, fertilizing, lawn replacement, mowing and trimming, shrubbery pruning, hedge trimming, cultivation of trees, shrubbery and flowers, tree pruning and removal, and in general landscaping maintenance services with respect to lawns, shrubbery and trees. It is significant that there was no provision for sidewalk maintenance or repair. On trial New York Life’s assisting operating superintendent conceded that New York Life had the duty to repair holes or depressions or damage to the sidewalks, and that company personnel under his supervision had both the duty to report defective conditions in the sidewalk where the plaintiff fell as well as to make repairs. The vice-president of Park & Estate similarly testified, without contradiction, that his company had nothing to do with sidewalk repair. And this division of responsibility between the parties was conceded by New York Life in its brief in our court.
The contract indemnity clause provided in full: “ The contractor [Park & Estate] hereby assumes entire responsibility and liability for any and all damage or injury of any kind or nature to persons whether employees or otherwise, and to "property, including adjoining property caused by or resulting from the execution of the work or occurring in connection therewith, and agrees to indemnify and save harmless the owner [New York Life], his agents, servants and employees from and against any and all claims, liability, loss, expense, damage or injury to persons or to property caused or occasioned directly or indirectly by the contractor or its work, or resulting from the use by the contractor, its agents or employees, of any materials, tools, implements, appliances, scaffolding ways, works or machinery or other property(emphasis added). Thus indemnity, though broad and complete to the extent applicable, extended only to damages caused or occasioned by or resulting from the performance *156 of work under the agreement. In the context of this case indemnity accordingly is restricted to reimbursement of New York Life for liability and damages sustained by New York Life in consequence of negligent snow plowing or ice removal.
The majority opinion concludes that the record supports the verdict against New York Life. It says nothing, however, of the basis on which it would predicate the liability of New York Life. As indicated, I agree that New York Life was properly found liable to the plaintiff. That liability stems from the duty of New York Life as owner of the sidewalk, to maintain the sidewalk in a reasonably safe condition. On this record, however, the only predicate (but clearly sufficient predicate) for concluding that New York Life had breached that duty was the evidence of the structural defect in the sidewalk to which the majority refers and the corollary evidence that New York Life had notice of the defect, as the testimony relied on by the plaintiff disclosed that the defect had existed for at least one year. I note again the trial court’s dismissal of plaintiff’s claim against Park & Estate.
This case was given to the jury on the theory that they might return a verdict for the plaintiff against New York Life only if they found the latter responsible for the depression in the sidewalk. The accumulation of water in the depression and the later formation of ice were links in the chain of causation, but it was never suggested that the liability of New York Life was based on anything but its responsibility for the structural defect in the sidewalk.
The repair of structural defects in the sidewalks, the parties agreed, was not within the scope of the work to be performed by Park & Estate. Accordingly, New York Life’s loss here was not caused or occasioned by nor did it arise out of the work to be performed by Park & Estate under its landscape maintenance agreement. That being so Park & Estate has no liability in contract to New York Life under the provisions of the indemnity provision in their agreement.
The order of the Appellate Division should be affirmed in all respects.
Judges Burke, Breitel and G-abrielli concur with Judge Jasen; Judge Jones dissents and votes to affirm in a separate opinion in which Chief Judge Fule and Judge Wachtler concur.
*157 Order modified in accordance with the opinion herein and, as so modified, affirmed, with costs to plaintiff-respondent payable by defendant-appellant and to defendant-appellant payable by defendant-respondent.